**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

The Trustees of the Sheet Metal Local # 10 Control Board Trust Fund,

Plaintiffs,

vs.

TGC Services, Inc., a Minnesota corporation,

Defendant.

Civil File Number: 01-1894-JRT/FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

Rosene, Haugrud & Staab, Chartered, by STEPHEN KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

no one, appeared for Defendant.

---

This matter came on for hearing before the Court on January 3, 2002, on Plaintiffs' motion for entry of Defendant's default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Defendant was served with the Summons and Complaint in the present action on October 26, 2001.
2. That Defendant is neither an infant nor an incompetent person.
3. That Defendant has failed to Answer, or otherwise defend, and is in default.

FILED JAN 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 4 2002
DEPUTY CLERK

4. Defendant is signatory to the Labor Agreement between the Duluth Superior Division of Sheet Metal, Air Conditioning and Roofing Contractors Association ("SMARCA") and the Sheet Metal Workers International Association Local Union No. 10 Duluth Superior ("the Union").

5. Pursuant to the above-referenced Labor Agreement, Defendant is obligated to submit to Plaintiffs Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' designated agent conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendant's delinquency because they have a continuing obligation to provide benefits regardless of whether Defendant submits the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendant resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Labor Agreement, and ERISA.

11. That Plaintiffs have incurred attorney fees in the amount of $800.00, court filing fees in the amount of $150.00, and service of process fees in the amount of $75.00.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Defendant's default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendant, for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees in the amount of $800.00, and costs in the amount of $225.00.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. That the Clerk of Court shall enter judgment forthwith in the amount of $1,025.00. Upon completion of the fringe benefit compliance audit of Defendant's books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall amend the judgment against Defendant, to reflect the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Jan 4, 2002

John R. Tunheim
John R. Tunheim
United States District Judge